# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

YVONNE E. HOLMES,

    Plaintiff,

vs.                                                  Civ. No. 18-569 SCY

ANDREW SAUL, Commissioner of Social
Security,[1]

    Defendant.

## MEMORANDUM OPINION AND ORDER[2]

**THIS MATTER** is before the Court on the Social Security Administrative Record filed January 30, 2019, Doc. 19, in support of Plaintiff Yvonne E. Holmes' Complaint, Doc. 1, seeking review of the decision of Defendant Andrew Saul, Commissioner of the Social Security Administration, denying Plaintiff's claim for disability insurance benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401 *et seq*. On April 1, 2019, Plaintiff filed her Motion To Reverse Or Remand Administrative Agency Decision, Doc. 22, and Memorandum In Support, Doc. 23. The Commissioner filed a Brief in Response on May 30, 2019. Doc. 25. Plaintiff did not file a reply, and the time to do so has expired. The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. §§ 405(g) and 1383(c). Having meticulously reviewed the entire record and the applicable law and being fully advised in the premises, the Court finds the Motion is not well taken and is **DENIED**.

---

[1] Andrew Saul was sworn in as Commissioner of the Social Security Administration on June 17, 2019 and is automatically substituted as a party pursuant to Federal Rule of Civil Procedure 25(d).

[2] Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned to conduct any or all proceedings and to enter an order of judgment. Docs. 4, 11, 12.

## I. Background and Procedural Record

Claimant Yvonne E. Holmes suffers from the following severe impairments: bipolar disorder, sleep apnea, anxiety, asthma, knee arthritis, and methamphetamine addiction in early remission. Administrative Record ("AR") at 18. She alleges that she became disabled as of January 4, 2013. *Id.* She completed eighth grade and has a GED. AR 251. She has past work experience as a bus driver and home attendant. AR 23, 36-37, 49-51.

On July 14, 2014, Ms. Holmes filed a claim of disability under Title II. AR 23. She filed a claim under Title XVI on July 21, 2014. *Id.* Her applications were initially denied on December 15, 2014 (AR 64-65), and upon reconsideration on April 24, 2015 (AR 144-45). Administrative Law Judge ("ALJ") Raul C. Pardo conducted a hearing on January 4, 2017. AR 40-54. Ms. Holmes appeared in person at the hearing with attorney representative Jamie M. Dawson. AR 40. The ALJ took testimony from Ms. Holmes and an impartial vocational expert ("VE"), Karen Provine. AR 40, 196.

On March 23, 2017, ALJ Pardo issued an unfavorable decision. AR 12-24. After the Appeals Council denied review on April 20, 2018, AR 1, Ms. Holmes appealed to federal court. Doc. 1. The ALJ's decision is the Commissioner's final decision for purposes of judicial review.

## II. Applicable Law

### A. Disability Determination Process

An individual is considered disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (pertaining to disability insurance benefits); *see also id.* § 1382(a)(3)(A) (pertaining to supplemental security income disability benefits for adult individuals). The Social Security Commissioner has adopted the familiar five-

step sequential evaluation process ("SEP") to determine whether a person satisfies the statutory criteria as follows:

(1) At step one, the ALJ must determine whether the claimant is engaged in "substantial gainful activity."[3] If the claimant is engaged in substantial gainful activity, she is not disabled regardless of her medical condition.

(2) At step two, the ALJ must determine the severity of the claimed physical or mental impairment(s). If the claimant does not have an impairment(s) or combination of impairments that is severe and meets the duration requirement, she is not disabled.

(3) At step three, the ALJ must determine whether a claimant's impairment(s) meets or equals in severity one of the listings described in Appendix 1 of the regulations and meets the duration requirement. If so, a claimant is presumed disabled.

(4) If, however, the claimant's impairments do not meet or equal in severity one of the listings described in Appendix 1 of the regulations, the ALJ must determine at step four whether the claimant can perform her "past relevant work." Answering this question involves three phases. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). First, the ALJ considers all of the relevant medical and other evidence and determines what is "the most [claimant] can still do despite [her physical and mental] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). This is called the claimant's residual functional capacity ("RFC"). *Id.* §§ 404.1545(a)(3), 416.945(a)(3). Second, the ALJ determines the physical and mental demands of claimant's past work. Third, the ALJ determines whether, given claimant's RFC, the claimant is capable of meeting those demands. A claimant who is capable of returning to past relevant work is not disabled.

(5) If the claimant does not have the RFC to perform her past relevant work, the Commissioner, at step five, must show that the claimant is able to perform other work in the national economy, considering the claimant's RFC, age, education, and work experience. If the Commissioner is unable to make that showing, the claimant is deemed disabled. If, however, the Commissioner is able to make the required showing, the claimant is deemed not disabled.

---

[3] Substantial work activity is work activity that involves doing significant physical or mental activities. 20 C.F.R. §§ 404.1572(a), 416.972(a). Work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before. *Id.* Gainful work activity is work activity that you do for pay or profit. 20 C.F.R. §§ 404.1572(b), 416.972(b).

3

*See* 20 C.F.R. § 404.1520(a)(4) (disability insurance benefits); 20 C.F.R. § 416.920(a)(4) (supplemental security income disability benefits); *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005).

The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The burden shifts to the Commissioner at step five to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Sec'y of Health & Human Serv.*, 933 F.2d 799, 801 (10th Cir. 1991).

B. Standard of Review

This Court must affirm the Commissioner's denial of social security benefits unless (1) the decision is not supported by "substantial evidence" or (2) the ALJ did not apply the proper legal standards in reaching the decision. 42 U.S.C. § 405(g); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Casias*, 933 F.2d at 800-01. In making these determinations, the Court "neither reweigh[s] the evidence nor substitute[s] [its] judgment for that of the agency.'" *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Substantial evidence "is 'more than a mere scintilla.'" *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted).

A decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record," *Langley*, 373 F.3d at 1118, or "constitutes mere conclusion," *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The agency decision must "provide this court with a sufficient basis to determine that appropriate legal principles have been followed." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005). Therefore, although an ALJ is not required to discuss every piece of evidence, "the record must demonstrate that the ALJ considered all of the evidence," and "the [ALJ's] reasons for finding a claimant not disabled" must be "articulated with sufficient particularity." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). But where the reviewing court "can follow the adjudicator's reasoning" in conducting its review, "and can determine that correct legal standards have been applied, merely technical omissions in the ALJ's reasoning do not dictate reversal." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). The court "should, indeed must, exercise common sense." *Id.* "The more comprehensive the ALJ's explanation, the easier [the] task; but [the court] cannot insist on technical perfection." *Id.*

### III. Analysis

In support of her Motion to Remand, Ms. Holmes raises one argument: the ALJ erred at step five by identifying only two representative jobs that Ms. Holmes can perform in light of her RFC, when the Commissioner's own rules required him to identify three representative jobs. Doc. 23 at 9-11. At step 5, the burden shifts to the Commissioner to prove that the claimant can perform other work existing in significant numbers in the national economy. *Raymond v. Astrue*, 621 F.3d 1269, 1274 (10th Cir. 2009). The Social Security Administration Program Operations Manual System ("POMS")[4] provides that:

---

[4] POMS is "a set of policies issued by the Administration to be used in processing claims." *McNamar v. Apfel*, 172 F.3d 764, 766 (10th Cir. 1999). The reviewing court will defer to the

> We only make a step five finding of not disabled, if we determine the claimant can adjust to work that exists in significant numbers in the national economy (either in the region where the claimant lives or in several regions in the country). Work exists in the national economy when there is a significant number of jobs (in one or more occupations) having requirements which the claimant is able to meet given his or her physical or mental abilities and vocational qualifications.

POMS § DI 25025.030, § A (emphasis removed). The Manual directs ALJs as follows:

> Cite three occupations that are examples of work the claimant could do given his or her impairment-related limitations and restrictions. We base our medical-vocational rules on the existence of unskilled work at all levels of exertion – from very heavy to sedentary.
>
> . . . .
>
> EXCEPTION: You may cite fewer than three occupations when it is clear that jobs exist in significant numbers within fewer than three occupation(s). Make this determination using vocational specialist advice supported by information contained in the publications listed in regulations sections 404.1566(d) and 416.966(d) or other reliable sources of occupational information.

POMS § DI 25025.030, § C(1).

In this case, Ms. Holmes correctly points out that the ALJ cited only two representative occupations at step five, not the three prescribed by the Manual. Doc. 23 at 9. Based on the RFC and the testimony of the VE at the hearing, the ALJ found that Ms. Holmes can perform the jobs of: "(1) Addressor (DOT 209.587-010, svp 2, sedentary, 7,900 jobs nationally), and 2) Stuffer (DOT 731.685-014, svp 2, sedentary, 3,800 jobs nationally)." AR 24. The ALJ concluded with the following finding: "Based on the testimony of the vocational expert, I conclude that, considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." *Id.*

---

POMS provisions unless they are arbitrary, capricious, or contrary to law. *Ramey v. Reinertson*, 268 F.3d 955, 964 n.2 (10th Cir. 2001).

6

The Commissioner does not take issue with Ms. Holmes's argument that the ALJ had to follow the POMS. Instead, the Commissioner argues that the ALJ did not commit legal error by citing only two representative occupations, because the "exception" to § DI 25025.030 applies: "it is clear that jobs exist in significant numbers within fewer than three occupation(s)." Doc. 25 at 4-5 (quoting POMS § DI 25025.030, § C(1)); *see also Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 906 (6th Cir. 2016) (no error in ALJ citing only two representative occupations if the two jobs exist in significant numbers). The Commissioner argues that a total of 11,700 jobs (7,900 plus 3,800) is a significant number. *Id.* at 8.

The Commissioner is correct that, because the ALJ found 11,700 jobs to be a significant number, this Court's role is only to review that number for substantial evidence. In *Allen v. Barnhart*, 357 F.3d 1140 (10th Cir. 2004), the Tenth Circuit explained the distinction between reviewing an ALJ's factual finding of significance and supplying a dispositive finding in the ALJ's place. In *Allen*, the Tenth Circuit found error in the VE's identification of representative jobs due to a conflict with the claimant's RFC. *Id.* at 1143-44. "Because the ALJ erroneously relied upon 800 publicly interactive jobs, despite the direct conflict with his RFC findings, he never had occasion to decide if the one hundred surveillance jobs alone constituted a significant number under the statute." *Id.* In *Allen*, the Commissioner argued the ALJ's decision could nonetheless be affirmed on the basis of harmless error. Harmless error applies if "no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Id.* at 1145. The Tenth Circuit declined to find harmless error, but observed that "[s]uch an approach might have been open to us here had the number of available jobs identified by the VE . . . been . . . considerably greater." *Id.*

As *Allen* also makes clear, however, when the court does not find any error in the ALJ's decision and instead reviews "a finding of numerical significance made by the ALJ," then the court is "not deciding in the first instance that a particular number was significant under the circumstances." *Id.* at 1144. "This court has made it clear that judicial line-drawing in this context is inappropriate, that the issue of numerical significance entails many fact-specific considerations requiring individualized evaluation, and, most importantly, that the evaluation should ultimately be left to the ALJ's common sense in weighing the statutory language as applied to a particular claimant's factual situation." *Id.* (internal quotation marks and citation omitted); *see also Trimiar v. Sullivan*, 966 F.2d 1326, 1330-32 (10th Cir. 1992) (factual determinations such as whether the number of jobs is significant "should ultimately be left to the [ALJ's] common sense in weighing the statutory language as applied to a particular situation" and the court does not "presume to interpose [its] judgment for that of the ALJ").

Because the ALJ here made a finding of numerical significance with respect to 11,700 jobs (AR 24), to accept Ms. Holmes' argument, the Court would be concluding as a matter of law that 11,700 jobs is never significant and any ALJ who determines otherwise is an irrational factfinder. *Allen*, 357 F.3d at 1144; *see also Sears v. Berryhill*, No. 17-0391, 2018 WL 2002487, at *10-11 (D.N.M. Apr. 30, 2018). The Tenth Circuit has never drawn a bright line establishing the number of jobs necessary to constitute a significant number. *Raymond v. Astrue*, 621 F.3d 1269, 1274 n.2 (10th Cir. 2009). The Court has also been unable to find guidance from Tenth Circuit cases with respect to whether it is appropriate to affirm an ALJ's decision that 11,700 jobs is significant. Previous cases have dealt with much larger numbers. *E.g.*, *Conger v. Astrue*, 453 F. App'x 821, 828 (10th Cir. 2011) (1,045,000 jobs); *Taylor v. Astrue*, 494 F. App'x 895, 898 (10th Cir. 2012) (497,000 jobs); *Fields v. Chater*, 66 F.3d 338, 1995 WL 544172 (10th Cir.

1995) (unpublished table decision) (344,000 jobs); *Boucher v. Astrue*, 371 F. App'x 917, 924 (10th Cir. 2010) (269,790 jobs); *Cowan v. Dep't of Health & Human Servs.*, 986 F.2d 1426, 1993 WL 34740 (10th Cir. 1993) (unpublished table decision) (133,000 jobs); *Wendelin v. Astrue*, 366 F. App'x 899, 903 (10th Cir. 2010) (80,612 jobs); *Gravitt v. Apfel*, 185 F.3d 874 (10th Cir. 1999) (70,000 jobs); *Prince v. Apfel*, 149 F.3d 1191, 1998 WL 317525 (10th Cir. 1998) (unpublished table decision) (70,000 jobs); *Botello v. Astrue*, 376 F. App'x 847, 851 (10th Cir. 2010) (67,250 jobs).

It is true, as the Commissioner argues, that some courts have interpreted *Rogers v. Astrue*, 312 F. App'x 138, 141-42 (10th Cir. 2009), as implying that 11,000 jobs in the national economy is significant. Doc. 25 at 8; *see Fox v. Colvin*, No. 14-489, 2015 WL 5178414 (W.D. Okla. Sept. 3, 2015); *see also Evans v. Colvin*, 640 F. App'x 731, 735 (10th Cir. 2016) ("In . . . *Rogers v. Astrue*, . . . we implied that 11,000 national jobs was a significant number."). The Court, however, declines to similarly conclude that *Rogers* leads to this result. First, *Rogers* is not controlling because it is unpublished.

Second, the persuasive value of *Rogers* is limited because the *Rogers* panel conducted neither a harmless error review *nor* a substantial evidence review of a finding of numerical significance. Instead, the *Rogers* panel determined the claimant could not actually perform three out of four jobs the ALJ concluded the claimant could perform, and that the claimant could perform only 11,000 jobs in the fourth type of job the ALJ identified. Rather than considering whether this constituted "harmless error," the *Rogers* panel instead found "no error." 312 F. App'x at 141. Thus, *Rogers* provides little guidance to courts considering whether an error is harmless. And, more relevant to the present case, because the ALJ in *Rogers* made no finding

9

that the 11,000 jobs at issue were numerically significant, the persuasive value of *Rogers* is also limited in cases like this one where the ALJ did make a finding of numerical significance.[5]

Although the Court does not rely on *Rogers*, the end result is the same as if it had; even though the total number of jobs the ALJ identified is relatively low, the Court affirms the ALJ on substantial evidence review.[6] This conclusion is consistent with other cases across the country in which courts have affirmed an ALJ's factual determination that a similar numbers of jobs is numerically significant. *See, e.g.*, *Johnson v. Chater*, 108 F.3d 178, 180 (8th Cir. 1997) (10,000 jobs); *Mills v. Berryhill*, No. 16-2209, 2017 WL 3494223 (W.D. Ark. Aug. 15, 2017) (12,562 jobs); *Sanchez v. Berryhill*, 336 F. Supp. 3d 174, 178 (W.D.N.Y. 2018) (9,046 jobs); *Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 906 (6th Cir. 2016) (6,000 jobs); *Murray v. Berryhill*, No. 17-1086, 2018 WL 2159788, at *4-5 (D. Kan. May 10, 2018) (6,000 jobs). Giving the ALJ's factual determination the deference to which it is entitled, the Court finds that the ALJ committed no error in concluding that 11,700 jobs Ms. Holmes could perform exist in the national economy and that this is a numerically significant amount.

---

[5] *Rogers* does stand for the proposition that error does not necessarily occur when a VE identifies some sedentary jobs that fit a claimant's RFC while identifying other light jobs that do not fit the RFC. That holding, however, is difficult to reconcile with SSR 00-4p, which requires the ALJ to identify and explain all conflicts between a VE's testimony and the DOT.

[6] In addition to specifying that an ALJ may cite fewer than three representative occupations when it is clear that jobs exist in significant numbers, POMS § DI 25025.030, § C(1) directs ALJs to make this finding "using vocational specialist advice supported by information contained in the publications listed in regulations sections 404.1566(d) and 416.966(d) or other reliable sources of occupational information." In this case, the VE gave testimony based on her own experience as well as the DOT, which is one of the sources of "reliable job information" listed in 20 C.F.R. § 404.1566(d). AR 51-53. Ms. Holmes does not raise a challenge to the ALJ's reliance on the VE testimony in this case.

Ms. Holmes argues that this result is unjust, contending that "[t]he potential job availability for severely impaired claimants should be on a level playing field for workers living in New Mexico as well as the New York metropolitan area." Doc. 23 at 10. "Because New Mexico is such a huge land mass with a very sparse population it makes good, reasonable sense to require the ALJ to cite three occupations as suggested in the POMS, rather than two." *Id.* at 11. But that is not what Congress has decreed. The Commissioner satisfies its burden at step five by citing nationally available job numbers and is not required to produce regional job numbers. *Raymond*, 621 F.3d at 1274 ("[T]he controlling statutes, federal regulations, and case law all indicate that the proper focus generally must be on jobs in the national, not regional, economy.").

> In tightening the definition of disability, Congress eliminated consideration of commuting difficulties as an influence on the disability determination. A person, otherwise able to work, is in effect offered a choice: he can choose either to commute the distance to his job or he can move closer and avoid the expense and inconvenience. Disability insurance is not available to fund his decision to live far from his job.

*Gravitt v. Apfel*, 185 F.3d 874, at *2 (10th Cir. 1999) (unpublished table decision) (quoting *Harmon v. Apfel*, 168 F.3d 289, 292 (6th Cir. 1999)). The Court affirms the ALJ's finding of numerical significance based on national job numbers.

## IV. Conclusion

For the reasons stated above, Ms. Holmes' Motion To Reverse Or Remand Administrative Agency Decision (Doc. 22) is **DENIED.**

_____
**STEVEN C. YARBROUGH**
**United States Magistrate Judge**
**Presiding by Consent**